1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

MIGUEL RANGEL,                               )   1:12-cv-00475 MJS HC
                                             )
                    Petitioner,              )
                                             )   ORDER TO SHOW CAUSE WHY THE
                                             )   PETITION SHOULD NOT BE DISMISSED
          v.                                 )   FOR   PETITIONER'S   FAILURE   TO
                                             )   EXHAUST STATE REMEDIES
                                             )
M. STAINER,                                  )
                                             )
                    Respondent.              )
_____     )

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges an August, 2011 disciplinary violation for possession of a cell phone for which he was subject to a good-time credit loss. (Pet., ECF No. 1.)

**I.     DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). Otherwise, the Court will order Respondent to respond to the petition.  Rule 5 of the Rules Governing § 2254 Cases.

U.S. District Court
E. D. California

-1-

1  A petitioner who is in state custody and wishes to collaterally challenge his conviction

2 by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. §

3 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state

4 court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman

5 v. Thompson, 501 U.S. 722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo

6 v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

7  A petitioner can satisfy the exhaustion requirement by providing the highest state court

8 with a full and fair opportunity to consider each claim before presenting it to the federal court.

9 Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971);

10 Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest

11 state court was given a full and fair opportunity to hear a claim if the petitioner has presented

12 the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal

13 basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9 (1992) (factual basis).

14  Additionally, the petitioner must have specifically told the state court that he was raising

15 a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666,

16 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th

17 Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  In Duncan, the United States

18 Supreme Court reiterated the rule as follows:

19   In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that
   exhaustion of state remedies requires that petitioners "fairly

20   present" federal claims to the state courts in order to give the
   State the "'opportunity to pass upon and correct' alleged violations

21   of the prisoners' federal rights" (some internal quotation marks
   omitted). If state courts are to be given the opportunity to correct

22   alleged violations of prisoners' federal rights, they must surely be
   alerted to the fact that the prisoners are asserting claims under the

23   United States Constitution. If a habeas petitioner wishes to claim
   that an evidentiary ruling at a state court trial denied him the due

24   process of law guaranteed by the Fourteenth Amendment, he
   must say so, not only in federal court, but in state court.

25

26 Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

27   Our rule is that a state prisoner has not "fairly presented" (and
   thus exhausted) his federal claims in state court *unless he*

28   *specifically indicated to that court that those claims were based on*
   *federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th

1  Cir. 2000). Since the Supreme Court's decision in Duncan, this
2  court has held that the *petitioner must make the federal basis of*
   *the claim explicit either by citing federal law or the decisions of*
3  *federal courts, even if the federal basis is "self-evident,"* Gatlin v.
   Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v.
4  Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be
   decided under state law on the same considerations that would
5  control resolution of the claim on federal grounds. Hiivala v. Wood,
   195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88
6  F.3d 828, 830-31 (9th Cir. 1996); . . . .

7  In Johnson, we explained that the petitioner must alert the state
   court to the fact that the relevant claim is a federal one without
8  regard to how similar the state and federal standards for reviewing
   the claim may be or how obvious the violation of federal law is.

9  Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

10      Upon review of the instant petition for writ of habeas corpus, it appears that Petitioner

11  has not presented his claims to the highest state court, the California Supreme Court. While

12  Petitioner attached a copy of his petition to and the order of the Kern County Superior Court

13  denying his petition for writ of habeas coprus, Petitioner has not shown that he presented the

14  claim to any other California Courts, including the Supreme Court. A search of the Supreme

15  Court website also reveals that no petitions have been filed with that court. Accordingly, this

16  Court cannot determine which, if any, of his claims have been exhausted.  If Petitioner has not

17  presented his claims to the California Supreme Court, the Court cannot proceed to the merits

18  of those claims. 28 U.S.C. § 2254(b)(1). It is possible, however, that Petitioner has presented

19  his claims to the California Supreme Court and simply neglected to inform this Court. Thus,

20  Petitioner must inform the Court if his claims have been presented to the California Supreme

21  Court, and if possible, provide the Court with a copy of the petition filed in the California

22  Supreme Court, along with a copy of any ruling made by the California Supreme Court.

23  Without knowing what claims have been presented to the California Supreme Court, the Court

24  is unable to proceed to the merits of the petition.

25  **II.    ORDER**

26      Accordingly, Petitioner is ORDERED TO SHOW CAUSE why the petition should not

27  be dismissed for Petitioner's failure to exhaust state remedies.  Petitioner is ORDERED to

28  inform the Court what claims have been presented to the California Supreme Court within

1 | thirty (30) days of the date of service of this order.

2 |    Petitioner is forewarned that failure to follow this order will result in dismissal of the

3 | petition pursuant to Local Rule 110.

4 |

5 |

6 | IT IS SO ORDERED.

7 | Dated:  June 13, 2012      /s/ *Michael J. Seng*

               UNITED STATES MAGISTRATE JUDGE